Sheehan & Associates, P.C.  505 Northern Blvd Ste 311, Great Neck NY 11021-5101
spencer@spencersheehan.com  tel. 516.303.0552    fax 516.234.7800

July 15, 2020

District Judge Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   1:19-cv-05745-EK-ST
      Gensberg v. Aldi, Inc.

Dear District Judge Komitee:

This office with co-counsel Reese LLP, represents the Plaintiff. On Monday, July 13, 2020, Defendant served and filed a letter seeking a pre-motion conference to dismiss the first amended complaint ("FAC"). Plaintiff opposes Defendant's request and seeks limited discovery to eliminate unsupported contentions from subsequent briefing of Defendant's motion, to conserve judicial resources and streamline briefing.

***Plaintiff's Claims Are Not Preempted.*** Defendant states Plaintiff's claims are preempted because "he may not privately enforce the FDCA." ECF No. 21. However, preemption only applies to state laws which impose requirements different from FDA regulations. 21 U.S.C. § 343-1(a). "New York . . . broadly prohibits the misbranding of food in language largely identical to that found in the [Food, Drug, and Cosmetic Act]." *Ackerman v. Coca-Cola Co.*, No. 09-cv-00395, 2013 WL 7044866, at *6, (E.D.N.Y. July 18, 2013). If defendant were to modify its labeling as the FAC describes, the changes would actually be consistent with what the law requires.

Next, Defendant incorrectly asserts that New York's Agriculture and Markets Law ("AGM") "has no private right of action." ECF No. 21. First, New York's AGM confers a right of action upon an ultimate purchaser against the person who originally prepared for market and sold the containers with false labels or statements of their contents. *See Warner v. StarKist Co.*, 2019 WL 1332573, No. 18-cv-406 (N.D.N.Y. May 25, 2019) (quoting *Abounader v. Strohmeyer & Arpe Co.*, 243 N.Y. 458, 463 (1926)).

Second, plaintiff's causes of action are brought under Sections 349 and 350 of New York General Business Law ("GBL") and common law. The GBL allows New York residents to bring suit for monetary damages and injunctive relief against deceptive and misleading practices. Defendant's attempt to characterize the claims as seeking to enforce food labeling requirements misses the mark. It is logical and appropriate to use regulations as a barometer or touchstone for whether conduct is misleading. *Quiroz v. Beaverton Foods, Inc.*, No. 17-cv-7348 (E.D.N.Y. Mar. 31, 2019) (refusing to dismiss food labeling claims where plaintiff relied on the FDA definition of a preservative to allege the claim of "no preservatives" was misleading).

***Plaintiff Seeks Relief Because the Representations Are Misleading.*** The FAC is clear that the representations are deceptive because the Product purports to contain more vanilla than it does and contain flavor only from vanilla beans. In contrast to *Zaback v. Kellogg Sales Co.*, No. 3:20-cv-00268, 2020 U.S. Dist. LEXIS 109449 (S.D. Cal. June 22, 2020), Plaintiff offers more than a careful reading of the Product's ingredient list, including gas chromatography-mass spectrometry ("GC-MS") analysis of the flavor compounds at issue. ECF No. 20 ¶ 24 ("Despite

the front label of 'Vanilla,' the Product contains artificial flavors and non-vanilla flavors, which provide its vanilla taste, in contrast to the expectation that all of its vanilla taste was provided by vanilla beans.'"); ¶ 27 ("'Natural Flavors' designated as the only flavor ingredient, does not refer to an exclusively vanilla ingredient."). *See Izquierdo v. Panera Bread Co.*, No. 18-cv-12127 (S.D.N.Y. Mar. 30, 2020) ("It is materially misleading to suggest a product contains a greater proportion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the food."); *see also Branca v. Bai Brands Ltd. Liab. Co.*, No. 3:18-cv-00757, 2019 U.S. Dist. LEXIS 37105 (S.D. Cal. Mar. 7, 2019) (refusing to dismiss case where plaintiff contended malic acid should designate a beverage as "artificially flavored.").

Defendant chides plaintiff for "confus[ing] "Vanilla Soymilk" for an ingredient claim, rather than merely the flavor description it is." However, consumers are familiar with "ingredient claims" through long-established and followed regulations which control how a product's flavor is designated. ECF No. 20 ¶ 19 citing 21 C.F.R. § 101.22(i)(1)(i) (where a food contains an amount of "characterizing ingredient" sufficient to characterize the food); ¶ 28 ("If the food contains both a *characterizing flavor from the product whose flavor is simulated*") (emphasis added).

Further, if defendant's "Vanilla Soymilk" was only a flavor designation, defendant is still required to inform consumers of the flavor composition through truthful and non-misleading qualifying information. ECF No. 20 ¶ 25 ("The artificial flavors and non-vanilla flavors are not disclosed on the front label or the ingredient list.").

Defendant attempts to dispel front label confusion by pointing to the ingredient listing of "Natural Flavors." This fails to cure the deception because plaintiff has alleged the "designation of the ingredient as 'Natural Flavors' is misleading because where vanillin is added to vanilla," it is required to disclose the presence of artificial flavor. ECF No. 20 ¶ 60. Further, the Second Circuit recently held that technical accuracy – which plaintiff disputes – is not a defense to misleading labelling. *Mantikas v. Kellogg Company*, 910 F.3d 633, 637 (2d Cir. 2018) ("Reasonable consumers should not be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box.") (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

Courts within this state have consistently held that "issues of deceptiveness and good faith are not resolved as a matter of law," especially where the ability to learn of the alleged deception is not capable of being discovered by consumers at the point of purchase. *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) (credit card agreement with disclaimer "in the small print footnote to the solicitation offer" is insufficient to defeat a claim of deception). Given the disputed issues of fact, defendant's motion to dismiss will not succeed.

***Plaintiff has Standing to Seek Injunctive Relief.***  Defendant opposes Plaintiff's request for injunctive relief because Plaintiff is now aware of the alleged misrepresentations and not in danger of being deceived again. This argument overlooks that Plaintiff is "unable to rely on the Product's label in the future" which establishes an ongoing harm. ECF No. 20 ¶ 85. Defendant fails to mention that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a

major support of consumers who claim to have been cheated." *Id*.

***Common Law Claims Are Properly Pled.*** To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015). Plaintiff credibly states the Product is labeled only as "vanilla" but contains less vanilla than consumers expect and has undisclosed artificial flavors from non-vanilla sources. ECF No. 20 ¶ 49-52.

Defendant claims Plaintiff's negligent misrepresentation claims fail because "Plaintiff must allege a special relationship between the parties." In addition to pleading a special relationship based on Defendant's unique and special expertise, plaintiff has adequately alleged the elements of this claim because the FAC "emphatically" alleged (1) the person making the representation held or appeared to hold unique or special expertise and (2) the speaker was aware of the use to which the information would be put and supplied it for that purpose. ECF No. 20 ¶¶ 106-08; *Greene v. Gerber Products Co.*, 262 F. Supp 3d 38, 75 (E.D.N.Y. 2017) (citing *Eternity Glob. Master Fund. Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004).

To state a claim for breach of an express warranty under New York Law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach. *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F.Supp 3d 467, 482 (S.D.N.Y. 2014) (citing *Avola v. La.-Pac. Corp.*, No. 11-cv-4053, 2013 WL 4647535, at *6 (E.D.N.Y. Aug. 28, 2013). The complaint covers the existence of a warranty, reliance, breach of said warranty and injury. ECF No. 20 ¶¶ 112-120.

Defendant's argument with respect to the lack of pre-suit notice fails because New York Courts have created an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

Whether plaintiff's unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment.

Finally, Plaintiff requests the Court issue an Order for limited discovery followed by a protective order, wherein Plaintiff serves a limited request for production on Defendant regarding the flavor composition of the Product. This would allow the parties' subsequent briefing to be based on the precise components of the "Natural Flavors," which will remove disputed issues from contention. Thank you.

                                                                                                   Respectfully submitted,

                                                                                                   /s/Spencer Sheehan
                                                                                                   Spencer Sheehan

## Certificate of Service

I certify that on July 15, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan